UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTICT OF FLORIDA
ORLANDO DIVISION

BONNIER CORPORATION, a Florida Corporation.

    Plaintiff,

v.

SKT PUBLISHERS, INC., d/b/a NORTHWEST YACHTING, a Washington corporation,

    Defendant.

_____/

CASE NO.:
JURY TRIAL DEMANDED

**COMPLAINT**
**Injunctive Relief Sought**

BONNIER CORPORATION, ("Bonnier"), by and through its undersigned attorneys, hereby files this Complaint against SKT PUBLISHERS, INC., d/b/a NORTHWEST YACHTING, (hereinafter referred to as "SKT" or "Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for trademark infringement and unfair competition relating to Defendant's use of the name NORTHWEST YACHTING, which is confusingly similar to Plaintiff's federally registered mark, YACHTING. Plaintiff seeks injunctive relief and monetary damages against SKT for its willful infringement

1

of Plaintiff's YACHTING Mark by virtue of rebranding its NORTHWEST YACHTING magazine by drastically minimizing the size of the word "NORTHWEST" in comparison to the word "YACHTING" such that the word YACHTING is the significantly more prominent portion of the mark causing confusion among consumers.

## THE PARTIES

2. Plaintiff, Bonnier, is a corporation organized and existing under the laws of the State of Delaware. Plaintiff maintains its principal place of business at 480 N. Orlando Avenue, Suite 236, Winter Park, Florida 32789.

3. Defendant, SKT, is a corporation organized and existing under the laws of the State of Washington. Defendant maintains its principal place of business located at 7342 15th Avenue NW, Seattle, Washington, 98117-5401.

## JURISDICTION AND VENUE

4. As this action relates to trademark infringement, this Court has original subject matter jurisdiction over this action under 15 U.S.C. §1121(a), 28 U.S.C. §1331 and under 28 U.S.C. §1338(a)

5. This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. §1367(a). Personal jurisdiction is proper pursuant to Florida Statute §§48.193(1)(a)(1), 48.193(1)(a)(2) and 48.193(2) in that Defendant is engaging in and carrying on business in this state by advertising and distributing its magazine in this state, has committed a tortious act (trademark infringement) within this state causing

injury to a Plaintiff whose principal place of business is located within this state, and is engaged in substantial and not isolated activity within this state.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

## FACTUAL BACKGROUND

8. Plaintiff is the owner of the Federal Trademark Registration No. 2,326,200 for the for the word mark YACHTING (the "Mark"). The Mark is registered under International Class 016 for use with "Publications, namely, a monthly magazine in the field of yachting." Attached as Exhibit "A" is a true and correct copy of the above-mentioned trademark registration.

9. The Mark has been in use with its magazines since at least 1907, with the associated registration obtaining incontestability status over a decade ago, in 2005.

10. Plaintiff has expended significant sums of money to market and promote its magazine under the Mark for over 100 years (and the Mark is a valuable business asset to Plaintiff).

11. Defendant has recently redesigned its logo (hereinafter the "Infringing Logo") and branding for its NORTHWEST YACHTING magazine by drastically minimizing the appearance of the word "NORTHWEST" so as to emphasize the word "YACHTING" in its logo such that YACHTING stands out as the main portion of the mark as used for a magazine title as can be seen here and in the attached Exhibit "B":



12. The intentional redesign and rebrand of Defendant's magazine emphasizing the word "YACHTING" and de-emphasizing the word NORTHWEST has created actual confusion within the marketplace. Consumers have mistakenly believed that Defendant's magazine is connected to, related to, or provided by Plaintiff.

13. Recently, Plaintiff has been contacted by consumers believing that Plaintiff's YACHTING magazine was now being distributed for free at the consumer's marina.

14. The magazine that was in fact distributed at the marina was Defendant's magazine.

15. Prior to its re-brand, Defendant's logo appeared as shown below and in the attached Exhibit "C", with the words NORTHWEST and YACHTING presented in the same size text so that no emphasis was placed on one over the other.



16. An example of Defendant's Infringing Logo shown on its September 2020 edition of its magazine is compared side-by-side to Plaintiff's most recent specimen filed with the USPTO for its YACHTING Mark registration. See Plaintiff's use of the mark on the left, and Defendant's use of the Infringing Logo on the right.



        Plaintiff's Magazine                   Defendant's Magazine

17. In addition to the stand-out use of the word YACHTING in both examples, Defendant also appears to use a very similar font to Plaintiff, in which the "Y" in YACHTING is capitalized and the remaining letters are shown in lowercase letters. The font and appearance of the letters "-achting" in both logos is identical. Additionally, the placement of the logo on the front of the magazine is identical to the placement of Plaintiff's YACHTING Mark on the front of its magazine.

18. After becoming aware of Defendant's intentional redesign and rebrand of its mark, Plaintiff, through legal counsel, requested that Defendant cease the use of the Infringing Logo on its magazines, websites, and other marketing materials due to the similarity of the marks, the goods/services provided under the marks, resulting in a likelihood of confusion, and, additionally, based on the actual consumer confusion

6

that had already occurred.  Attached as Exhibit "D" is a true and correct copy of the cease and desist letter sent to Defendant on June 29, 2021

19. Without receiving any response to its cease and desist letter from Defendant, Plaintiff followed up with Defendant on July 15, 2021.  A true and correct copy of this correspondence is attached hereto as Exhibit "E".

19. As of this date and with full knowledge, Defendant continues its use of the Infringing Logo.  Defendant has not responded to Plaintiff and refuses to cease use of the Infringing Logo on its magazines, websites and other marketing materials.  Thus, the continued use of Defendant's Infringing Logo on its magazines, websites and other marketing materials is deliberate, willful and wanton.

19. Plaintiff, Bonnier Corporation has performed all conditions precedent to be performed by it or the conditions have occurred.

20. Plaintiff has been forced to retain the undersigned law firm to represent it in this action in order to protect its valuable business asset and trademark rights.

## COUNT I
## (TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114)

21. Plaintiff hereby realleges each and every allegation set forth in paragraphs 1 through 20 above, as if fully set forth herein.

22.  Plaintiff is the owner of the Federal Trademark Registration No. 2,326,200 for the for the word mark YACHTING.  The Mark is registered under International Class 016 for use with "Publications, namely, a monthly magazine in the

field of yachting" (s*ee* Exhibit "A").  Plaintiff is the owner of the entire rights, title, and interest in U.S. Trademark Registration No. 2,326,200 for YACHTING.

23. Defendant has redesigned its logo and branding for its magazine resulting in an Infringing Logo by minimizing the word "NORTHWEST" in the mark resulting in emphasizing the word "YACHTING" such that it is the most visible part of the mark, (*see* attached Exhibit "B").

24. Defendant's use in commerce of the Infringing Logo has caused actual consumer confusion and is likely to continue to cause confusion among consumers in the marketplace.

25. As a direct and proximate result of Defendant's use of its Infringing Logo, Plaintiff has lost profits, and Defendant's use has the potential to damage the goodwill associated with its YACHTING mark.

26. Plaintiff will be irreparably damaged by the continued loss of profits, loss of goodwill and loss of control over the reputation of its YACHTING Mark unless Defendant is stopped from continuing to promote, advertise, sell or to offer for sale its services associated with the intentionally and confusingly similar Infringing Logo.

27. Defendant has created a likelihood of confusion in the marketplace that will continue and likely escalate if Defendant is permitted to continue its unauthorized use of its Infringing Logo and misappropriation of Plaintiff's trademark.

28. Based upon information and belief, with knowledge of Plaintiff's YACHTING Mark, and further notification by way of a cease and desist letter sent by Plaintiff, Defendant used and has continued use of its Infringing Logo, and has thereby

infringed Plaintiff's mark willfully and with wanton disregard of Plaintiff's rights and Defendant will continue to do so unless enjoined.

29. Once Defendant's infringing conduct was brought to its attention by Plaintiff, Defendant failed and refused to stop using its Infringing Logo thereby making a deliberate decision to continue such use of the Infringing Logo to advertise, promote, offer for sale, and sell goods identical to those sold under Plaintiff's mark.

## COUNT II
### (TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER 15 U.S.C. §1125(a))

30. Plaintiff hereby realleges each and every allegation set forth in paragraphs 1 through 20 above, as if fully set forth herein.

31. Plaintiff has used the YACHTING trademark in interstate commerce to advertise and promote its goods. Plaintiff's YACHTING trademark is registered in International Class 016 for use with "Publications, namely, a monthly magazine in the field of yachting."

32. Plaintiff's YACHTING Mark has been in use with its magazines since at least 1907.

33. Defendant adopted the redesigned its trademark to an Infringing Logo for NORTHWEST YACHTING by minimizing the "NORTHWEST" portion of the mark to emphasize the "YACHTING" portion of the mark, which is in use in conjunction with its magazine goods and website services.

34. Plaintiff's use of the YACHTING mark in interstate commerce pre-dates Defendant's adoption and use of its NORTHWEST YACHTING mark, and its redesigned Infringing Logo for the NORTHWEST YACHTING mark.

35. Defendant's use of the Infringing Logo is likely to cause confusion, mistake, or to deceive customers as to Plaintiff's affiliation, connection, association, sponsorship, or approval of Defendant's magazine.

36. Plaintiff has been damaged and is likely to be further damaged by Defendant's infringing acts and the damage that has and will continue to occur will be irreparable unless Defendant's conduct is enjoined.

37. Once Defendant's infringing conduct was brought to its attention, Defendant refused to cease use of the Infringing Logo on or in connection with its magazines, website and other marketing materials. Thus, Defendant made a deliberate decision to continuing using the Infringing Logo to advertise, promote, offer for sale, and sell its goods and services.

38. Defendant's use and continued use of the Infringing Logo is willful, wanton, and shows a reckless disregard for Plaintiff's rights.

## COUNT III
### (DECEPTIVE AND UNFAIR TRADE PRACTICES UNDER FLORIDA LAW)

39. Plaintiff hereby realleges each and every allegation set forth in paragraphs 1 through 20 above, as if fully set forth herein.

40. Plaintiff and Defendant are commercial competitors.

41. Defendant's actions as described above, namely, Defendant's acts of unfair competition and willful trademark infringement, constitute deceptive and unfair trade practices as defined in Fla. Stat. § 501.203(3)(a)-(c).

42. As a direct and proximate result of Defendant's deceptive and unfair trade practices, Plaintiff has been damaged and will continue to be damaged.

43. Plaintiff does not have an adequate remedy at law and will continue to be damaged by Defendant's actions unless this Court enjoins Defendant from such unlawful business practices.

44. Plaintiff is entitled to injunctive relief against Defendant pursuant to Fla. Stat. §501.211(1).

45. Plaintiff is entitled to recover its attorneys' fees and costs as provided by Fla. Stat. § 501.2105.

## COUNT IV
### (COMMON LAW TRADEMARK INFRINGEMENT UNDER FLORIDA LAW)

46. Plaintiff hereby realleges each and every allegation set forth in paragraphs 1 through 20 above, as if fully set forth herein.

47. Defendant's conduct as described above constitutes trademark infringement and passing off in violation of the common law of the State of Florida.

48. Defendant's acts of trademark infringement constitute intentional misconduct and/or gross negligence within the meaning of Fla. Stat. § 768.72(a)-(b) entitling Plaintiff to compensatory damages under the common law and under Fla. Stat. § 768.72(a)-(b).

49.     Plaintiff does not have an adequate remedy at law and will continue to be damaged by Defendant's actions unless this Court enjoins Defendant from such business practices.

## PRAYER FOR RELIEF

Plaintiff, Bonnier Corporation, respectfully requests that the Court find in its favor and against Defendant, SKT PUBLISHERS, INC., d/b/a NORTHWEST YACHTING and that the Court grant Plaintiff the following relief:

A.      That Defendant and anyone acting or participating with Defendant be preliminary and permanent enjoyed from using the Infringing Logo, and from using the trademark NORTHWEST YACHTING in a manner that is in conflict with Plaintiff's trademark rights in its YACHTING trademark.

B.      An award to Plaintiff for all profits Defendant has realized by reason of its unlawful acts and compensate Plaintiff for any damages sustained as provided for under 15 U.S.C. § 1117.

C.      That the Court award Plaintiff treble damages because of the intentional, unlawful and willful acts by Defendant set forth in this Complaint under the provisions of 15 U.S.C. § 1117(a).

D.       That Defendant and anyone acting or participating with Defendant be permanently enjoined from:

    a.      using the Infringing Logo and any other mark that is confusingly similar to Plaintiff's YACHTING mark to advertise, promote, offer for sale, or sell its goods and services;

   b. otherwise infringing the YACHTING Mark.

E.  That Defendant be ordered to pay Plaintiff all profits Defendant realized by reason of its unlawful acts and compensate Plaintiff for any damages sustained as provided under 15 U.S.C. §1117.

F.  That this case be declared exceptional and that Defendant be ordered to pay Plaintiff the cost of this action and reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a).

G.  Any further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED this 26th day of October, 2021.

        Respectfully submitted,

        WOLTER VAN DYKE DAVIS, PLLC
        1900 Summit Tower Boulevard, Suite 140
        Orlando, Florida  32810
        Telephone: (407) 926-7716
        Facsimile: (407) 926-7720
        Email: ecipparone@savvyIPLaw.com
        Email: adavis@savvyIPLaw.com
        ***Attorneys for Plaintiff, Bonnier Corporation***

     By:  */s/ Erica M. Cipparone*
        Erica M. Cipparone
        Florida Bar No:  0084720
        Amber N. Davis
        Florida Bar No:  0026628